UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 08-00959 CJC (AGRx)            Date:  October 16, 2008

Title: WACHOVIA MORTGAGE et al. KAREEM SALESSI & LADAN FONOONI aka LADAN SALESSI et al.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Michele Urie                            N/A
Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                 None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND** [filed 09/26/08]

**INTRODUCTION AND FACTUAL BACKGROUND**

       Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* FED. R. CIV. P. 78; LOCAL RULE 7-15.  Accordingly, the hearing set for October 20, 2008 at 1:30 p.m. is hereby vacated and off calendar.

       On August 13, 2008, Plaintiff Wachovia Mortgage ("Wachovia") filed this lawsuit for unlawful detainer against Defendants Kareem Salessi and Ladan Fonooni (collectively the "Salessis") in the Superior Court of Orange County, California.  (Compl. at 1.)  Wachovia filed the suit to take possession of property at 28841 Aloma Ave., Laguna Niguel, California.  (Compl. ¶ 3.)  Wachovia acquired the property in a foreclosure sale from Mr. Salessi after Mr. Salessi defaulted in payment of a promissory note.  (Compl. ¶ 6, 7.)  The Salessis, however, continued in possession of the property.  (Compl. ¶ 10.)   For the reasons stated below, Plaintiff's motion for remand is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00959 CJC (AGRx)            Date: October 16, 2008

                                                                                                               Page 2

**ANALYSIS**

Under 28 U.S.C. § 1447(c), the Court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . ." The burden of establishing subject matter jurisdiction falls on Defendants, as the party seeking removal. *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir. 1984). Moreover, the removal statute is "strictly construed against removal jurisdiction." *Id*.

A cause of action arises under federal law only when a plaintiff's well-pleaded complaint raises issues of federal law. *Emard v. Hughes Aircraft Co.*, 153 F.3d 949, 953 (9th Cir. 1998). A plaintiff will not defeat removal by simply "masking or 'artfully pleading' a federal claim as a state claim." *Sullivan v. First Affiliated Sec., Inc.,* 484 U.S. 850 (1987).

A federal court can assert subject matter jurisdiction where a case either: (1) raises a question under federal law; or (2) is between diverse parties and involves an amount in controversy of over $75,000. 28 U.S.C. § 1331; 28 U.S.C. § 1332.

The Salessis have not made a valid argument for diversity jurisdiction. Wachovia's complaint alleges that the amount in controversy is less than $10,000, well below the $75,000 limit. The parties are also not diverse, judging from the face of the complaint.

Although the Salessis allege that Wachovia violated several federal laws in their dealings with them, they do not present a case for removal jurisdiction based upon the face of the complaint. Wachovia's complaint is a straightforward action for unlawful detainer, a state-law claim. Regardless of whether Wachovia violated the Fair Credit Reporting Act, the Racketeer Influenced and Corrupt Organizations Act, or committed various acts of fraud, as alleged by the Salessis in their briefing papers, the Court cannot exercise removal jurisdiction in this case. The well-pleaded complaint rule states that courts may not consider the defendant's defenses, answers, or counterclaims when analyzing whether a case may be removed from state court. *Holmes Group Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002) (holding that a patent counterclaim was insufficient to provide removal jurisdiction). A court may only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00959 CJC (AGRx)　　　　　　　　　　　　Date: October 16, 2008
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

consider the claims made in the complaint, which, in this case, is simply a claim for unlawful detainer.

　　　For the foregoing reasons, Wachovia's motion to remand is GRANTED.


jls

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk MU